#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ILLINOIS
#### EASTERN DIVISION

| | |
|---|---|
| DAN McCONCHIE, in his official capacity as Minority Leader of the Illinois Senate and individually as a registered voter, and JIM DURKIN, in his official capacity as Minority Leader of the Illinois House of Representatives and individually as a registered voter, | Case No. 21-cv-3091 <br><br> Circuit Judge Michael B. Brennan <br> Chief District Judge Jon E. DeGuilio <br> District Judge Robert M. Dow, Jr |
| Plaintiffs, | Three-Judge Court <br> Pursuant to 28 U.S.C. § 2284(a) |
| v. | |
| ILLINOIS STATE BOARD OF ELECTIONS, CHARLES W. SCHOLZ, IAN K. LINNABARY, WILLIAM M. MCGUFFAGE, WILLIAM J. CADIGAN, KATHERINE S. O'BRIEN, LAURA K. DONAHUE, CASANDRA B. WATSON, and WILLIAM R. HAINE, in their official capacities as members of the Illinois State Board of Elections, EMANUEL CHRISTOPHER WELCH, in his official capacity as Speaker of the Illinois House of Representatives, the OFFICE OF SPEAKER OF THE ILLINOIS HOUSE OF REPRESENTATIVES, DON HARMON, in his official capacity as President of the Illinois Senate, and the OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE, | |
| Defendants. | |

| | |
|---|---|
| JULIE CONTRERAS, IRVIN FUENTES, ABRAHAM MARTINEZ, IRENE PADILLA, and ROSE TORRES | |
| | Case No. 21-cv-3139 |
| Plaintiffs, | |
| | Circuit Judge Michael B. Brennan |
| v. | Chief District Judge Jon E. DeGuilio |
| ILLINOIS STATE BOARD OF ELECTIONS, | District Judge Robert M. Dow, Jr. |
| CHARLES W. SCHOLZ, IAN K. LINNABARY, | |
| WILLIAM J. CADIGAN, LAURA K. DONAHUE, | Three-Judge Court |
| WILLIAM R. HAINE, WILLIAM M. | Pursuant to 28 U.S.C. § 2284(a) |

| | |
|---|---|
| MCGUFFAGE, KATHERINE S. O'BRIEN, and CASANDRA B. WATSON in their official capacities as members of the Illinois State Board of Elections, DON HARMON, in his official capacity as President of the Illinois Senate, and THE OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE, EMANUEL CHRISTOPHER WELCH, in his official capacity as Speaker of the Illinois House of Representatives, and the OFFICE OF THE SPEAKER OF THE ILLINOIS HOUSE OF REPRESENTATIVES, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Upon consideration of the discussion at today's status hearing, the Court directs counsel to confer on a proposed expert discovery schedule that takes into account the fact that at least some of the expert work may not be able to be completed until after the U.S. Census Bureau data release on August 16. See https://www.census.gov/library/stories/2021/07/upcoming-release-of-2020-census-redistricting-data-paint-clearer-portrait-of-america.html (last visited July 14, 2021) ("The U.S. Census Bureau by August 16 is set to release in-depth demographic statistics from the 2020 Census that will be used to redraw legislative voting districts"). To be sure, the panel is reassured to know that the parties already are engaged in the process of identifying, retaining, and preparing experts for their anticipated testimony in this case. Nevertheless, today's discussion seemed to indicate that at least some of the experts' opinions will be affected (perhaps substantially) by information that will not be available until the Census numbers come out. In short, the experts should do what they can now, but the schedule should take into account the likely need to adjust both the inputs (data) and the outputs (opinions) based on the forthcoming Census data. Counsel are directed to file on the docket their updated proposed expert discovery plan no later than July 23, 2021. The panel also encourages counsel to be efficient and judicious in regard to fact discovery and to do the best they can to reach stipulations on undisputed relevant facts. The same may prove to be true for expert testimony to the extent that one or more experts agree on the importance of certain undisputed facts or reach similar opinions based on those facts.

The panel judges have set aside September 27, 28, and 29 for trial of this matter and will work with counsel to the end of accommodating the presentation of evidence and argument within those three days. If additional days are needed, the judges will schedule them as expeditiously as possible. Briefing on any motions for summary judgment and any pre-trial motions (*e.g., Daubert*, motions *in limine*) will proceed on the following schedule: opening briefs due September 7, 2021; response briefs due September 14, 2021; reply briefs due September 20, 2021. Counsel should keep in mind that unless the panel can resolve any motions of this nature very quickly, they likely will remain under advisement at the time of trial. In regard to motions *in limine* and *Daubert* motions, please keep in mind that this will be a bench

2

trial and testimony can be provisionally admitted and disregarded later if upon reflection it is inadmissible.

      A further status hearing on Microsoft Teams will be held on Tuesday, August 24 at 12:30 p.m. The link and dial-in information will be provided to counsel and placed on the public docket at least a week in advance. Among the topics to be explored will be (1) the question, raised at today's status hearing, of the effect, if any, of the release of the Census data on the complexity of the case and the presentation of evidence, either on a paper record or a trial, (2) the logistics of the trial, and (3) dates for additional status hearings, a final pre-trial conference, and for the submission of stipulations, expert reports, and other trial exhibits and designations.

      As a final housekeeping matter, as stated on the record, the parties have leave to file oversized briefs of up to 20 pages in support of the motion(s) to dismiss and response brief(s); the page limit on reply brief(s) will remain 15 pages.

Dated: July 14, 2021

                                                         Robert M. Dow, Jr.
United States District Judge
on behalf of the three-judge court
pursuant to 28 U.S.C. § 2284(b)(3)