DAN MCCONCHIE, *et al.*,

Plaintiffs,

v.

CHARLES W. SCHOLZ, *et al.*,

Defendants.

)
)
)  Case No. 1:21-CV-3091
)
)  Circuit Judge Michael B. Brennan
)  Chief District Judge Jon E. DeGuilio
)  District Judge Robert M. Dow, Jr.
)
)  Three-Judge Court
)  Pursuant to 28 U.S.C. § 2284(a)
)

**DEFENDANT MEMBERS OF THE ILLINOIS STATE BOARD OF ELECTIONS'
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## INTRODUCTION

Plaintiffs allege that the state legislative districting plan signed into law on June 4, 2021 ("2021 Redistricting Plan") is void *ab initio*. ECF No. 51 ¶ 1. The Illinois Constitution requires that the 59 Senate Districts and 118 Representative Districts be redistricted the year after each decennial census; this requirement means redistricting must be completed in 2021. *Id.* ¶ 35-36. The General Assembly is tasked with passing a redistricting plan. *Id.* ¶ 37. If a plan is not signed into law by June 30 of the applicable year—here June 30, 2021—a bipartisan redistricting commission comprised of eight members is appointed to draft a redistricting plan. *Id.*

Plaintiffs allege that the 2021 Redistricting Plan is invalid because it is not based on the decennial census data, which Plaintiffs allege is the best source of population data by which to draw redistricting maps. *Id.* ¶ 4. Typically, the U.S. Census Bureau sends the census data to states by April 1st of the year following each decennial census, which would have been April 1, 2021. *Id.* This year, however, the data will not be provided until August 16, 2021. *Id.* at ¶ 3. Instead, the

2021 Redistricting Plan is based on the U.S. Census Bureau's American Community Survey's five-year population estimates from 2015–2019 ("ACS data") instead of the 2020 census data. *Id.* ¶ 4.

Plaintiffs allege that the ACS data is not a proper substitute for the census data. *Id.* Plaintiffs allege that the ACS data should not be used for redistricting maps because it does not account for approximately 42,000 Illinois residents, represents a small sampling of addresses in Illinois, does not accurately represent sparsely populated areas, and cannot create substantially equal legislative districts. *Id.* ¶¶ 5-6. In addition to allegedly violating the "one person, one vote" principle, Plaintiffs allege that the 2021 Redistricting Plan is arbitrary and discriminatory in violation of the equal protection clause of the Fourteenth Amendment. *Id.* ¶¶ 8–10 & Count I.

Plaintiffs seek declaratory and injunctive relief. *Id.* at Prayer for Relief. Plaintiffs' claims against the members of the Illinois State Board of Elections ("Board Members")[1] must be dismissed because Plaintiffs have not alleged that any Board Members took any action to cause any alleged injury and, therefore, Plaintiffs lack standing under Article III to bring any claims against the Board Members. Plaintiffs also do not state a viable claim against the Board Members because they do not allege a plausible basis to conclude that any of them personally engaged in conduct that violates the Constitution. Plaintiffs' claims against the Board Members should be dismissed.

---

[1] Plaintiffs' original Complaint also named the Illinois State Board of Elections as a defendant. The Amended Complaint does not name the Illinois State Board of Elections as a defendant; therefore the Illinois State Board of Elections is not a defendant pursuant to Federal Rule of Civil Procedure 10(a) regardless of the allegations in the Amended Complaint. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) (stating that a party must be named in the caption of the complaint). As such, the docket should be updated to reflect that the Illinois State Board of Elections has been terminated as a party in this lawsuit. Moreover, any claims against the Illinois State Board of Elections would be barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." F.R.C.P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id*. at (h)(3).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint should be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content, as "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true, but it must also "draw on its judicial experience and common sense" to determine if the plaintiff has stated a plausible claim for relief. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal* 556 U.S. at 678. If, upon its review, the court determines that a plaintiff has failed to meet this plausibility requirement, the matter should be dismissed.

**ARGUMENT**

**I.     PLAINTIFFS LACK STANDING TO BRING THEIR CLAIMS AGAINST THE BOARD MEMBERS.**

Plaintiffs have not sufficiently alleged that the Board Members' actions have caused any alleged injury. "Article III restricts the judicial power to actual 'Cases' and 'Controversies,' a limitation understood to confine the federal judiciary to the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury." *Ezell v. City of Chicago*, 641 F.3d 684, 694–95 (7th Cir. 2011). Accordingly, a plaintiff lacks standing unless

(1) "the plaintiff suffers an actual or impending injury;" (2) "the injury is caused by the defendant's acts;" and (3) "a judicial decision in the plaintiff's favor would redress the injury." *Id.* (internal quotations omitted). This "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998) (footnote omitted). At the pleading stage, a plaintiff must establish each element of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, Plaintiffs have not satisfied the causation requirement because they make no factual allegations establishing that the alleged injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 650 (1992). Plaintiffs also have not sufficiently alleged the Board Members can offer any relief to redress their alleged injury or that their claims are concrete and imminent and not speculative.

The only allegations that relate to the Board Members simply identify the Board Members and allege that "[a]n actual controversy exists between Plaintiffs and the Individual Board Member Defendants regarding whether the Individual Board Member Defendants may enforce the Redistricting Plan or conduct any elections based on the Redistricting Plan." ECF No. 51 at ¶¶ 22-29, 110. Plaintiffs make no allegation that the Board Members have taken any specific actions, let alone any actions that injured Plaintiffs. *See* ECF No. 51. Without any alleged connection between the Board Members' actions and Plaintiffs' alleged injury, Plaintiffs have "fail[ed] to show a nexus between the alleged violations and their claimed injury." *Paher v. Cegavske*, No. 3:20-cv-00243, 2020 WL 2748301 (D. Nev. May 27, 2020). Other than merely identifying the Board Members and speculating about what they may do in the future, every factual allegation in the Complaint refers to alleged conduct of other individuals. Because Plaintiffs have failed to sufficiently allege

that any activity fairly traceable to the Board Members caused any injury, "they fall short in their attempt to establish standing." *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 807–808 (7th Cir. 1984).

Moreover, Plaintiffs cannot satisfy the Article III "case-or-controversy" requirement because they cannot receive any requested relief from the Board Members. The Board Members have no authority over redistricting. The Illinois Constitution gives the Illinois Supreme Court "exclusive jurisdiction over actions concerning redistricting the House and Senate." Ill. Const. art. IV, § 3. This also shows Plaintiffs' lack of standing because they do not and cannot allege that an order in their favor against the Board Members would redress their alleged injuries. *Lujan*, 504 U.S. at 561. For these reasons, Plaintiffs cannot obtain relief under the Declaratory Judgment Act, 28 U.S.C. 2201, 2202. *See* ECF No. 51 at Count II. The Declaratory Judgment Act is not an independent basis for jurisdiction. *Rueth v. U.S. E.P.A.*, 13 F.3d 227, 231 (7th Cir. 1993). Because Plaintiffs lack standing to bring their claims against the Board Members, they cannot seek relief under the Declaratory Judgment Act. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (explaining that suits under the Declaratory Judgment Act must satisfy the Article III case-or-controversy requirement). Further, declaratory judgment is also inappropriate because, as discussed above, the Board Members do not have an adverse legal interest to any Plaintiffs.

Additionally, Plaintiffs seek injunctive relief against the Board Members preventing them from conducting an election based on the allegedly unconstitutional Redistricting Plan. ECF No. 51 at Prayer for Relief. To be ripe, a claim must point to an alleged injury that is "actual and imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 504 U.S. at 560. However, Plaintiffs' allegations supporting their request for injunctive relief against the Board Members are speculative; they rely on the assumption that if this Court finds that the Redistricting Plan is

deemed unconstitutional, the Board Members will still conduct an election in approximately ten months based on the Redistricting Plan in violation of this Court's holding. Thus, Plaintiffs' allegations are purely speculative and not ripe for review. *Abbot Laboratories v. Gardner*, 387 U.S. 136, 148 (1967) (ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements."). Plaintiffs have provided no reason to believe that the Board will violate any orders entered in this case and this Court should presume that the Board Members will properly discharge their official duties. *See U.S. v. Lee*, 502 U.S. 691, 697 (7th Cir. 2007) (it is presumed that the official acts of public officers will be discharged properly). For these reasons, Plaintiffs lack standing to bring their claims against the Board Members.

## II. PLAINTIFFS HAVE NOT PLED A VIABLE EQUAL PROTECTION CLAIM AGAINST THE BOARD MEMBERS.

If the Court reaches the merits of Plaintiffs' equal protection claim against the Board Members, it should dismiss it under Rule 8(a) and Rule 12(b)(6) for failure to state a plausible claim. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Section 1983 limits liability to "a defendant's personal acts or decisions." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Here, Plaintiffs have not alleged that the Board Members have taken any personal or official actions or made any decisions with regard to the 2021 Redistricting Plan. Plaintiffs instead rely on "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," but as the Supreme Court has held, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. With no substantive allegations against the Board Members, Plaintiffs have not stated a viable claim under Section 1983.

## **CONCLUSION**

Because Plaintiffs do not and cannot allege a viable claim against the Illinois State Board

of Elections' Members, Defendants respectfully request that this Court dismiss Plaintiffs' claims

against them.

August 12, 2021

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Mary A. Johnston*
Mary A. Johnston
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-4417
Mary.johnston@ilag.gov

*Counsel for Illinois State Board of
Elections' Member Defendants*
