IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAN MCCONCHIE, in his official capacity as Minority Leader of the Illinois Senate and individually as a registered voter, and JIM DURKIN, in his official capacity as Minority Leader of the Illinois House of Representatives and individually as a registered voter,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE BOARD OF ELECTIONS, CHARLES W. SCHOLZ, IAN K. LINNABARY, WILLIAM M. MCGUFFAGE, WILLIAM J. CADIGAN, KATHERINE S. O'BRIEN, LAURA K. DONAHUE, CASANDRA B. WATSON, and WILLIAM R. HAINE, in their official capacities as members of the Illinois State Board of Elections, EMANUEL CHRISTOPHER WELCH, in his official capacity as Speaker of the Illinois House of Representatives, the OFFICE OF SPEAKER OF THE ILLINOIS HOUSE OF REPRESENTATIVES, DON HARMON, in his official capacity as President of the Illinois Senate, and the OFFICE OF THE PRESIDENT OF THE ILLINOIS SENATE,<br><br>Defendants. | Case No. 1:21-CV-03091<br><br>Circuit Judge Michael B. Brennan<br>Chief Judge Jon E. DeGuilio<br>Judge Robert M. Dow, Jr.<br><br>Three-Judge Court<br>Pursuant to 28 U.S.C. § 2284(a) |

**DEFENDANTS' MOTION TO ADJOURN THE EXPERT DISCOVERY SCHEDULE
AND SET STATUS CONFERENCE FOR SEPTEMBER 1, 2021**

Defendants Emanuel Christopher Welch, in his official capacity as Speaker of the Illinois House of Representatives, the Office of the Speaker of the House of Representatives, Don Harmon, in his official capacity as President of the Illinois Senate, and the Office of the President of the Illinois Senate, by and through their counsel ("Defendants"), hereby move this Court, pursuant to Federal Rules of Civil Procedure 16 and 26, to adjourn the expert discovery schedule. In support of this motion, Defendants rely on the accompanying Memorandum of Law, and further state as follows:

1. The Illinois General Assembly announced on August 20, 2021 that it will reconvene to amend the current redistricting plan, Public Act 102-0010, to incorporate the now-available decennial census data. Plaintiffs allege that the current redistricting plan is unconstitutional because it does not use the decennial census data, and stated to the Panel that their experts will opine specifically on why the non-decennial census data used in the current plan (American Community Survey data ("ACS data")) is improper. Because the current plan will be amended based on the decennial census data in less than two weeks, the parties' planned expert reports will opine on subjects that are no longer at issue and analyze a plan that is soon to be out of date.

2. In light of this significant development, Defendants request a brief adjournment until September 1, 2021, which is the day following the General Assembly's planned special session to amend the redistricting plan. The requested extension is warranted to allow the parties and their experts to analyze how any amended plan impacts their claims and defenses, and to produce expert reports that address only issues that remain disputed or "live" in light of any amended plan. Such an extension avoids the risk of expert reports that are at once over-inclusive (by addressing issues mooted by the amended plan or analyzing an out-of-date plan) and under-inclusive (for not addressing issues that might arise in response to the amended plan).

3. The requested extension will allow the parties to confer regarding how the amended

plan might narrow the scope of this case before they charge ahead with potentially unnecessary expert discovery. For example, an amended redistricting plan based on the decennial census data would moot any claims of deviations between ACS data and the decennial census data. *See, e.g.*, Am. Compl., ECF No. 51 ¶¶ 2, 7.

4. An amended redistricting plan is also likely to impact the related case of *Contreras v. Ill. State Bd. of Elections*, No. 1:21-cv-3139, where the plaintiffs seek relief in the form of an injunction requiring the General Assembly to redraw the plan with the decennial census data, as the General Assembly has now announced it plans to do. The requested adjournment would be beneficial because (i) it would allow Defendants' experts to refine their opinions to focus only on the remaining allegations (or remaining case); while (ii) ensuring the two cases remain on the same schedule.

5. Adjourning expert discovery until the new scope of the case can be assessed serves the interests of efficiency by conserving the parties' and the Panel's resources that might be unnecessary.

6. The requested adjournment does not prejudice any party, or harm any third parties. Even if the trial schedule were impacted, a similarly expedited yet slightly later schedule would still result in an order from the Panel in sufficient time to avoid any impact on the State's primary elections, which are now scheduled for June 2022.

7. Pursuant to Local Rule 37.2 and Judge Dow's rules regarding motion practice, Defendants contacted Plaintiffs regarding their request. On August 20, 2021, Plaintiffs stated that they intend to oppose this Motion.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, Defendants respectfully request that the Court adjourn the current expert discovery schedule, and set a status conference for September 1, 2021, the day after the General Assembly

expects to complete any amended redistricting plan.

Dated: August 20, 2021

Michael J. Kasper
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
(312) 704-3292
mjkasper@60@mac.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Devon C. Bruce
Power Rogers, LLP
70 W. Madison St., Suite 5500
Chicago IL, 60606
(312) 236-9381
dbruce@powerrogers.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Heather Wier Vaught
Heather Wier Vaught, P.C.
106 W. Calendar Ave, #141
LaGrange, IL 60625
(815) 762-2629
heather@wiervaught.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*

Respectfully submitted,

*/s/ Sean Berkowitz*
Sean Berkowitz
Latham & Watkins LLP
330 N. Wabash, Suite 2800
Chicago, IL 60611
(312) 777-7016
sean.berkowitz@lw.com

Colleen C. Smith
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400
colleen.smith@lw.com

*Counsel for Defendants Harmon and Office of the President*

Adam R. Vaught
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
(312) 704-3000
avaught@hinshawlaw.com

*Counsel for Defendants Welch, Office of the Speaker, Harmon, and Office of the President*