IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAN MCCONCHIE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-3091 |
| | ) | |
| v. | ) | Circuit Judge Michael B. Brennan |
| | ) | Chief District Judge Jon E. DeGuilio |
| CHARLES W. SCHOLZ, *et al.*, | ) | District Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | Three-Judge Court – 28 U.S.C. § 2284(a) |

| | | |
|---|---|---|
| JULIE CONTRERAS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-3139 |
| | ) | |
| v. | ) | Circuit Judge Michael B. Brennan |
| | ) | Chief District Judge Jon E. DeGuilio |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) | District Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | Three-Judge Court – 28 U.S.C. § 2284(a) |

**ORDER**

PER CURIAM. For the reasons stated below, the motions of Proposed Intervenor Angelica Guerrero-Cuellar to intervene of right and by permission [140 in Case No. 21-cv-3091; 126 in Case No. 21-cv-3139] are denied.

**I.     Background**

Proposed Intervenor is the incumbent Illinois State Representative for the 22nd District ("HD22"). She is a Latina who is registered to vote in that district, which is "home to a large Latino/a/x population and includes neighborhoods that surround Midway Airport." She seeks to intervene as a Defendant to defend the boundaries of HD22 as drawn by the General Assembly in Public Act 102-0663 ("the September Redistricting Plan"). Presumably, Proposed Intervenor is satisfied with those boundaries and concerned that a successful challenge to the September Redistricting Plan could adversely affect her interest in re-election if the boundaries of HD22 are reconfigured. Proposed Intervenor acknowledges that none of Plaintiffs' proposals directly challenge HD22. Nevertheless, those proposals seek changes to the overall map that *could* alter


the boundaries of that district. None of the legislators who represent directly challenged districts have sought to intervene in this litigation and apparently are content to allow the existing Defendants to shoulder the burdens of defending the September Redistricting Plan.

**II.     Discussion**

    **A.     Intervention as of Right**

Four criteria exist for intervention as a matter of right: (1) the motion must be timely; (2) the proposed intervenor must claim an interest relating to the property or transaction at issue; (3) the disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; and (4) that interest is not adequately represented by existing parties. *Am. Nat'l Bank & Tr. Co. of Chi. v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989). A proposed intervenor has the burden of proving each element and falling short of the mark on even one element requires denial of the motion. *Keith v. Daley*, 764 F.2d 1265 (7th Cir. 1985). Because Proposed Intervenor cannot satisfy the fourth criterion, the motion is denied on that basis with no need to address the other criteria.

A "rebuttable presumption of adequate representation" attaches "where the prospective intervenor and the named party have 'the same goal.'" *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019). Moreover, where "the representative party 'is a governmental body charged by law with protecting the interests of the proposed intervenor' *** the representative party is presumed to be an adequate representative 'unless there is a showing of gross negligence or bad faith.'" *Id.* Proposed Intervenor has not even attempted to show "gross negligence or bad faith" by Defendants. See *id.* Nor is it an answer to say that this "even stronger standard" does not attach: she seeks to "speak on behalf of the State *at the same time*" as the presiding officers of the state legislature who are named Defendants. *Id.* at 800. Proposed Intervenor's position would mean taking the "extraordinary step of allowing a single entity, even a state, to have two independent parties simultaneously representing it." *Id.* at 801. Her motion also invites the unwieldy situation envisioned by the Seventh Circuit in *Planned Parenthood*: if the lower standard applied, "a state could split its voice among as many entities as it wishes," and state representatives could flood this Court with as many individual state representatives as it saw fit. See *id.* at 802 ("Perhaps a state could even designate its individual legislators as agents and thereby flood a district court with a cacophony of voices all purporting to represent the state. Though we respect a state's autonomy as a sovereign, we cannot leave a district court powerless to control litigation involving states.").

Both the existing Defendants and the Proposed Intervenor take the position that the September Redistricting Plan should be adopted in its entirety, without any deviation in HD22 or anywhere else. As the Legislative Defendants' November 24 filing confirms, there is not even a sliver of difference between Defendants' position that the "map as a whole" is valid and Proposed Intervenor's position that the map of HD22 is valid. As to the metes and bounds of HD22, the two positions are identical—and the legal arguments, factual support, and expert opinion in support of those positions appear to be identical, too. In short, the motion for intervention as of right founders

on the fourth criterion: Proposed Intervenor's inability to show a lack of adequate representation by the existing parties to the action.[1]

### B. Permissive Intervention

A district court "*may* permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1) (emphasis added); see also *Planned Parenthood*, 942 F.3d at 803. As the italicized language in the rule text indicates, "[p]ermissive intervention is wholly discretionary with the district court and will be reversed on appeal only for an abuse of discretion." *United States v. 36.96 Acres of Land, More or Less, Situated in LaPorte County, State of Ind.*, 754 F.2d 855, 860 (7th Cir. 1985). Proposed Intervenor's request for permissive intervention is denied even on a limited basis because there is no obligation to allow another party into the litigation when that party's interests and positions are entirely aligned with an existing party. We also decline to "infuse additional politics into an already politically-divisive area of the law" and "needlessly complicate" a consolidated case with three sets of plaintiffs, two sets of defendants, and with a looming primary deadline that this Court and all parties have gone to great lengths to accommodate. See *Planned Parenthood*, 942 F.3d at 803–04; *Am. Nat'l Bank & Trust Co. of Chi.*, 865 F.2d at 148; *36.96 Acres of Land*, 754 F.2d at 860.

---

[1] In the alternative, the Proposed Intervenor also references her individual right to vote. This argument fares no better because she does not allege that her vote is being diluted or that she is being prevented from voting and because there is no reason to believe that she would not have a right to vote in the district in which she resides. Her case for intervention really boils down to her status as an elected representative who likes the boundaries of HD22 drawn by the General Assembly and who fears that a successful challenge based on the Constitution and/or the Voting Rights Act will require revisions to those boundaries.